### UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Mark A. Barnett, Chief Judge <br> Court No. 22-00003 |

### **ORDER**

Before the court is Plaintiff's consent motion to designate *Cozy Comfort Company, LLC v. United States,* USCIT Ct. No. 22-00173, as a test case; to suspend the instant case, *Cozy Comfort Company, LLC v. United States,* USCIT Ct. No. 22-00003, under the test case; and to remove Court No. 22-00003 from the Customs Case Management Calendar. Consent Mot. for Test Case Designation and for Suspension ("Mot.") at 1 & Proposed Order, ECF No. 28.[1] Plaintiff avers that the "two actions share significant questions of law or fact." Mot. at 1. Plaintiff's motion will be denied.

On June 16, 2025, the court issued an opinion and entered judgment in Court No. 22-00173, and Plaintiff thereafter filed an appeal before the U.S. Court of Appeals for the Federal Circuit. *See* ECF Nos. 118–20, Ct. No. 22-00173. That appeal remains pending. "Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal." *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 979 (Fed. Cir. 2016)

---

[1] Plaintiff filed the motion in both cases. However, as discussed herein, Court No. 22-00173 is closed pending appeal.

Court No. 22-00003	Page 2

(quoting *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008)). Plaintiff makes no effort to address this standard. Plaintiff instead relies on USCIT Rule 1 and *Baxter Healthcare Corp. v. United States*, 20 CIT 552, 556, 925 F. Supp. 794, 798 (1996). Mot. at 1–2. Neither authority stands for the proposition for which it is cited. While Rule 1 seeks to "secure the just, speedy, and inexpensive determination of every action and proceeding," Rule 1 also cautions against construing court rules "to *extend* . . . the jurisdiction of the court." USCIT Rule 1 (emphasis added). *Baxter Healthcare* addresses the availability of class certification when a related test case was on appeal. 20 CIT at 553–58, 925 F. Supp. at 797–800. The opinion does not speak to the court's authority to designate a test case after jurisdiction over the putative test case has been conferred on the appellate court. Without test case designation, the request for suspension is moot.

Accordingly, it is hereby **ORDERED** that Plaintiff's consent motion for test case designation and for suspension is **DENIED**. With respect to Court No. 22-00003, Plaintiff must file a complaint or take other action by February 2, 2026, to preserve the case. Otherwise, the clerk is instructed to dismiss the case without further action by the court.

/s/     Mark A. Barnett     
Mark A. Barnett, Chief Judge

Dated: January 13, 2026  
New York, New York